# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| H. VAN HELDORF d/b/a Neuro Functionalysis Co., §<br>Plaintiff, § | § § § | |
| v. | § § | CIVIL ACTION NO. H-06-0721 |
| THE GUARDIAN LIFE INSURANCE COMPANY AMERICA,<br>Defendant. | § § § § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff's Motion for Remand [Doc. # 6], to which Defendant filed a response [Doc. # 7]. Because the Court has subject matter jurisdiction under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), the Court **denies** the Motion for Remand.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Harry Van Heldorf d/b/a Neuro Functionalysis Co. filed this lawsuit to recover payment for nerve function testing performed on Patricia Hillyard, an insured under a Guardian Life Insurance Company America ("Guardian") group insurance plan provided by her employer.[1] Hillyard executed an "Irrevocable Assignment of Benefits" assigning her benefits under the Guardian plan to Heldorf. Pursuant to that assignment,

---

[1]   It is undisputed, and the evidence establishes, that the Guardian plan is an ERISA plan.

Heldorf sought directly from Guardian payment of benefits allegedly payable to Hillyard under the Guardian plan. Guardian denied Heldorf's claim and Heldorf filed this lawsuit.

Defendant removed the case to federal court on the basis of 28 U.S.C. § 1441, asserting that the case is governed by ERISA. Plaintiff filed his Motion for Remand, which has been briefed and is ripe for decision.

## II.     ERISA JURISDICTION

"[C]omplete preemption exists when a remedy falls within the scope of or is in direct conflict with ERISA § 502(a), and therefore is within the jurisdiction of federal court." *McGowin v. ManPower Intern., Inc.*, 363 F.3d 556, 559 (5th Cir. 2004) (quoting *Haynes v. Prudential Health Care*, 313 F.3d 330, 333 (5th Cir.2002)). "Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action." *Id.* (citing *Giles v. NYLCare Health Plans, Inc.,* 172 F.3d 332, 337 (5th Cir.1999)). If Plaintiff, as Hillyard's assignee, could have brought the claim under ERISA, "the cause of action is completely preempted and provides a basis for federal jurisdiction." *Id.*

Plaintiff, as Hillyard's assignee, seeks a form of relief provided by § 502(a), which affords a beneficiary a federal cause of action "to recover benefits due to him

under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *See* 29 U.S.C. § 1132 ("§ 502(a)). Plaintiff characterizes his claim as an action on account, but he seeks to recover benefits under an ERISA-governed plan. Indeed, his "Affidavit for Verified Account" reflects that the "account" at issue is based on a "Health Insurance Claim Form" for professional tests performed on "Defendant's insured party." *See* Affidavit for Verified Account, Exh. A to Complaint, ¶ 3. Because such relief is specifically provided for by § 502(a), Plaintiff's claim is completely preempted by ERISA and is removable to federal court.

### III.   CONCLUSION AND ORDER

The Court has ERISA jurisdiction over this lawsuit and, therefore, removal was proper and the case should not be remanded. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Remand [Doc. # 6] is **DENIED**.

SIGNED at Houston, Texas, this **19th** day of **April, 2006**.

_____
Nancy F. Atlas
United States District Judge